UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY ROGERS<br>    *Plaintiff,* | : | Case No. 3:22-cv-835 (OAW) |
| | : | |
| *v.* | : | |
| | : | |
| WARDEN WASHINGTON et al.,<br>    *Defendants.* | : | JUNE 16, 2023 |

## INIITAL REVIEW ORDER

Pro se plaintiff, Anthony Rogers ("Plaintiff"), currently incarcerated at MacDougall-Walker Correctional Institution, has filed a complaint pursuant 42 U.S.C. § 1983 against Warden Washington, Deputy Warden Kenny, former Deputy Warden Snyder, Captain Gordils, R.C.O.O. Greene, Dr. Valletta, and Medical Supervisor Olivarez. Plaintiff alleges that the defendants caused him to contract COVID-19 by failing to separate infected inmates from non-infected inmates. Plaintiff names Defendants in their individual and official capacities. He seeks damages and unspecified declaratory relief.

### I.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b)(1)-(2). Although highly-detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

1

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully."  *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."  *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).  However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678.  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

With respect to pro se litigants, it is well-established that "[*p*]*ro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 3006) (per curiam)).  *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings

drafted by lawyers.'" (internal citations omitted)).  This liberal approach, however, does not exempt pro se litigants from the minimum pleading requirements described above: a pro se complaint still must "'state a claim to relief that is plausible on its face.'"  *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678).  Therefore, even in a pro se case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted), and the court may not "invent factual allegations" that the plaintiff has not pleaded.  *Id*.

## II.     BACKGROUND

Plaintiff alleges that he tested positive for COVID-19 on March 10, 2022.  ECF No. 1 ("Complaint") ¶ 1.  The court presumes that Plaintiff was confined at Garner Correctional Institution ("Garner") when he tested positive, as Plaintiff identifies each Defendant as working at that facility.  On April 1, 2022, Plaintiff filed a level 1 grievance.  *Id.* ¶ 2.  It was denied on April 12, 2022.  *Id.* ¶ 4.  Plaintiff filed a level 2 appeal on April 19, 2022, *id.* ¶ 6, that was denied on May 13, 2022, with a notation that no further appeal was available, *id.* ¶ 7.  On April 5, 2022, Plaintiff filed a health services administrative remedy, *id.* ¶ 3, that was denied on April 18, with a notation that no further appeal was available, *id.* ¶ 5.

## III.    DISCUSSION

Plaintiff asserts that each defendant: (1) violated his Eighth Amendment rights by causing him to contract COVID-19; (2) failed to separate infected inmates; and (3) knowingly ignored the serious risk to Plaintiff's health from this COVID-19 exposure.

A. Official Capacity Claims

Plaintiff names the defendants (state officials) in their individual and official capacities, but seeks only damages and unspecified declaratory relief. The Eleventh Amendment prohibits an award of damages against state officials in their official capacities unless the state has waived that immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1995). Section 1983 does not abrogate state sovereign immunity. *Quern v. Jordan*, 440 U.S. 332, 343 (1979). Nor does Plaintiff allege facts suggesting that the state has waived immunity in this case. Thus, Plaintiff cannot obtain damages from any defendant in their official capacity. The official capacity damages claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationship." *Colabella v. American Inst. of Certified Pub. Accountants*, No. 10-cv-2291(KAM)(ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (citation omitted). As such, "[d]eclaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages." *Orr v. Waterbury Police Dep't*, No. 3:17-cv-788(VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018). Plaintiff does not state what declaratory relief he seeks other than an unspecified "Declaratory Judgment" of some sort. He challenges past actions and is confined at Garner any longer, thus he has no cognizable claim .[1] The request for declaratory relief is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

---

[1] As noted above, the court presumes that Plaintiff contracted COVID-19 while at Garner.

B.  <u>Deliberate Indifference</u>

Plaintiff basically alleges unconstitutional conditions of confinement, or deliberate indifference to health (for failing to separate COVID-positive inmates from others).

Eighth Amendment conditions of confinement claims against a prison official have two elements.  *McCray v. Lee*, 963 F.3d 110, 117 (2d Cir. 2020).  First, they must allege that "objectively, the deprivation the inmate suffered was 'sufficiently serious that he was denied the minimal civilized measure of life's necessities.'"  *Id.*  And second,  that, "subjectively, the defendant official acted with 'a sufficiently culpable state of mind . . ., such as deliberate indifference to inmate health or safety.'"  *Id.* (alteration in original). Plaintiff must allege that the defendants knew "of and disregard[ed] an excessive risk to inmate health or safety".  *Phelps v. Kapnolas*, 308 F.3d 180, 185-86 (2d Cir. 2002).

"Conditions of confinement inflict cruel and unusual punishment when they result 'in unquestioned and serious deprivations of basic human needs' or 'deprive inmates of the minimal civilized measure of life's necessities.'"  *McCray*, 963 F.3d at 117.  There is no "bright line test" to determine whether a risk of serious harm is objectively "substantial" for Eighth Amendment purposes.  *Lewis v. Siwicki*, 944 F.3d 427, 432 (2d Cir. 2019).  The court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," i.e., "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate."  *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).  The court considers steps the facility has taken to mitigate the danger when making this determination.  *Id.*

Plaintiff alleges that he contracted COVID-19 in March of 2022.  "[C]orrectional

5

officials have an affirmative duty to protect inmates from infectious disease." *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996).  And courts have found that "an inmate can face a substantial risk of serious harm from COVID-19 if a prison does not take adequate measures to counter the spread of the virus."  *Chunn v. Edge*, 465 F. Supp. 3d 168, 200-01 (E.D.N.Y. 2020) (citing cases).  Although he concludes that correctional staff housed infected and uninfected inmates together, Plaintiff does not allege any facts to support his conclusion.  For example, he does not allege that he was required to share a cell with an infected inmate.  Nor does he describe any facility response to the pandemic.  Absent additional facts, the court cannot determine whether any defendant created a substantial risk of harm to satisfy the first element of the deliberate indifference standard.

But even if the court were to conclude that Plaintiff's COVID-19 infection was sufficient to show a substantial risk of harm, Plaintiff fails to allege any facts establishing the subjective (deliberate indifference) component of the test.

Defendants Washington, Kenny, Snyder, Gordils, Greene, and Olivarez are described as supervisors.  To recover damages under section 1983, Plaintiff must show each defendant's "personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  Mere supervision of those who committed the violation does not establish a government official's personal involvement. *Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020).

In *Tangreti*, the United States Court of Appeals for the Second Circuit clarified the supervisory liability standard. And in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States rejected a theory of supervisory liability that permitted a supervisor to be "held liable based on a lesser showing of culpability than the

6

constitutional violation requires." *Tangreti*, 983 F.3d a 617 (citing *Iqbal*, 556 U.S. at 677). The Second Circuit held that "after Iqbal, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* at 618 (quoting *Iqbal*, 556 U.S. at 676).

Plaintiff does not identify any action of the individual supervisory defendants showing a deliberate indifference to his health. Instead, he merely concludes that they ordered infected inmates to be housed with uninfected inmates (or that they failed to prevent such comingling). Thus, the claims against defendants Washington, Kenny, Snyder, Gordils, Greene, and Olivarez are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may file an amended complaint reasserting his claims against these defendants provided he can allege facts identifying a specific action taken by each defendant that violated his constitutional rights.

The court notes that some defendants (such as R.C.O.O. Greene and Medical Supervisor Olivarez) might have been named as defendants because they denied grievances. If that is the case, Plaintiff is advised that inmates have no constitutional entitlement to grievance procedures. *See Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (claim relating to grievance procedures "confused a state-created procedural entitlement with a constitutional right"; "neither state policies nor 'state statutes ... create federally protected due process entitlements to specific state-mandated procedures'") (quoting *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003)). Thus, the fact that a defendant did not respond to Plaintiff's grievance as he wished, does not violate the constitution and does not support a cognizable claim.

Dr. Valletta is a medical doctor with no apparent responsibility to assign inmate housing. Plaintiff does not allege that he was improperly treated for COVID-19, thus his claim against Dr. Valletta is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## **ORDERS**

All claims against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b). All claims against the defendants in their individual capacities are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b). Plaintiff may file an amended complaint against the defendants in their individual capacities if he can allege facts identifying specific actions of each defendant that violated his constitutional rights. The amended complaint must be filed on or before **August 4, 2023,** or else the Clerk of Court shall terminate this case from the court's docket, please.

**IT SO ORDERED**. Entered at Hartford, Connecticut, this 16th day of June, 2023.

/s/
Omar A. Williams
United States District Judge